# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. LARRY M. GRIGSBY

### Direct Appeal from the Criminal Court for Sullivan County
### No. S41,898    R. Jerry Beck, Judge

### No. E2000-00924-CCA-R3-CD
### January 25, 2001

Larry M. Grigsby entered guilty pleas to one count of promoting prostitution and two counts of criminal simulation. The manner of service, including entitlement to probation and/or Community Corrections, was submitted to the trial court. The trial court denied any form of alternative sentencing based upon Grigsby's extensive prior criminal history and the failure of previous measures less restrictive than total confinement. On appeal, Grigsby argues that the trial court erred in denying an alternative sentence. After review, we conclude that the record supports the trial court's sentencing decision. The judgment, accordingly, is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Mark H. Toohey, Kingsport, Tennessee, for the Appellant, Larry M. Grigsby.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Clinton J. Morgan, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General, and Todd Martin, Joseph Eugene Perrin and Mary Katharine Harvey, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

The Appellant, Larry M. Grigsby, appeals the sentencing decision of the Sullivan County Criminal Court. On October 12, 1999, the Appellant, a range II offender, entered guilty pleas to one count of promoting prostitution and two counts of criminal simulation, class E felonies. The trial court accepted the terms of the plea agreement which provided that a four-year sentence would be imposed for each count, with all counts to be served concurrently. The manner of service, however, was submitted to the trial court for determination. After a sentencing hearing, the trial court denied

any form of alternative sentencing and ordered the sentences be served in the Tennessee Department of Correction. The Appellant appeals the trial court's denial of an alternative sentence.[1]

After review, we affirm.

## Background

The Appellant has been in the adult entertainment business for approximately twenty-five years. At the time of his arrest, he was operating an escort, modeling and dance agency in the Bristol area with advertisements for these services in a local circular. Following the execution of search warrants at the business address, numerous phone records, business records and recorded transactions were seized which established that the Appellant was engaged in the promotion of prostitution. Also seized were various items of "bootleg merchandise" manufactured under brand names protected by copyright laws.[2]

A sentencing hearing was held on April 14, 2000. No testimony was presented; rather, the parties relied upon the presentence report, an affidavit of TBI Special Agent Frank McCauley, and the transcript of the suppression hearing and the guilty plea hearing. Based upon this evidence, the trial court entered the following findings of fact and conclusions of law:

---

[1] At the sentencing hearing held April 14, 2000, the trial court imposed a sentence of total confinement and denied any form of alternative sentencing. The court's oral ruling is reflected in the court's minutes of April 14th. On April 18, 2000, the Appellant filed a notice of appeal to this court from "the Judgment entered on April 14, 2000." The written judgments of conviction were entered by the trial court on April 30, 2000, which reflect verbatim the court's previous oral ruling.

As a preliminary matter, the State contends that the appeal in this case has not been properly perfected because this court is without jurisdiction to entertain the appeal. Specifically, the State asserts that the court's "oral announcement [of April 14, 2000,] is not an appealable final judgment." In support of this contention, the State cites to two unpublished opinions of this court, State v. Landy G. Kash, No. 01C01-9705-CR-00179 (Tenn. Crim. App. at Nashville, Feb. 23, 1998), and James R. Blevins v. State, No. 03C01-9106-CR-00171 (Tenn. Crim. App. at Knoxville, Jan. 7, 1992), *reh'g denied*, (Apr. 10, 1992). Initially, we note that, despite the State's assertion and contrary to the mandate of Rule 19(4) of the Rules of the Court of Criminal Appeals, copies of these unpublished opinions are not attached to the State's brief. Moreover, these cases are factually dissimilar to the present case. In both State v. Landy G. Kash and James R. Blevins v. State, no final judgment or order had been entered. State v. Landy G. Kash, No. 01C01-9705-CR-00179; James R. Blevins v. State, No. 03C01-9106-CR-00171. Thus, there was no judgment from which an appeal could be taken. However, in the instant case, final judgments were entered. We do not find the Appellant's reference to the April 14, 2000, oral pronouncement fatal to the notice of appeal. The written judgment entered on April 30th merely restated the court's oral ruling of April 14th. "The purpose of the notice of appeal is simply to declare in a formal way an intention to appeal. As long as this purpose is met, it is irrelevant that the paper filed is deficient in some other respect." See Advisory Commission Comments, Tenn. R. App. P. 3(f). There is no doubt as to the judgment from which the Appellant seeks our review. Accordingly, we reject the State's argument that the appeal should be dismissed and proceed to address the case upon its merits.

[2] The two counts of criminal simulation to which the Appellant pled guilty charged unlawful possession of (1) sixty-four pairs of sunglasses and fifty "Oakley" bags which were counterfeited and (2) numerous heat transfer logos which were counterfeited.

. . . Mr. Grigsby is presently age fifty-six (56) years of age. Mr. Grigsby successfully completed high school. . . .

. . .

Now, the defendant has been convicted, though, of various offenses. . . . And some of the offenses he's been convicted of have a familiar ring to them as being somewhat related in kind to the cases he's pled guilty to, at least the prostitution.[3] . . . There is an order reflected, filed on March 20th, 1992, out of the U.S. District Court, indicating a probation, and the defendant's probation was extended. . . . And the defendant was eventually sentenced to twelve (12) months in that case. And he completed and was discharged in that case from his probation. These are all negative things in regards to prior record of convictions. He has been on probation before on various occasions. And he was a successful graduate . . . of Bristol Tennessee High School, which is positive.

He describes his health as fair, but there are indications . . . that he does suffer from urinary retention. That would be significant in regards to Community Corrections. And I'll carefully weigh that. The defendant does indicate he's a social drinker, which is not particularly negative. A lot of people are. He does self report as an adult, though, smoking marijuana five or six times. In a sense that is negative, but on the other hand he self reported it, which could be considered a positive factor, because it's a very easy thing to not tell the truth about. . . . He has been married and divorced. . . . He has been employed on occasion. He does have some medical problems now that would interfere with that. He says he's worked as a sales clerk. . . . He's been involved with flea market operations.

. . . The most negative factor is the history, long history of criminal activity, is the most apparent factor in the case. Attached to the presentence Report is a report from the Kingsport Urology, dated December 14th, 1999, that describes and confirms Mr. Toohey's statements about the defendant having to use a fixed catheter and he does this himself to have urine pass from his body. And that's done on a regular basis, so the statements of counsel are confirmed in that regard by the report. . . . [The Appellant's report of Bell's Palsy, a paralysis of part of his face,]is confirmed.

. . .

---

[3]The presentence report reveals a 1992 Virginia conviction for possession of obscene material with intent to distribute; a 1992 Virginia conviction for aiding and abetting prostitution; a 1989 federal conviction for escape from custody; a 1987 federal conviction for violation of copyright laws; a 1982 Virginia conviction for pandering and keeping a bawdy house; 1982 Tennessee convictions on two counts of public nuisance and one count of maintaining a house of ill fame for prostitution; a 1979 Tennessee conviction for distributing obscene material; 1977 Tennessee convictions for four counts of permitting opposite sex employee to perform body massage; and 1977 Tennessee convictions for seventeen counts of possession of obscene material with intent to sell.

Now, first addressing the issue of Probation or Intensive Probation. Clearly, the negative factors outweigh the positive factors. Again, relying heavily upon the defendant's prior involvement with the law and prior rap sheet. . . .

The other issue . . . the special needs provisions under the Tennessee Community Corrections statute. And in this regard, the defendant does have some special needs. . . . I must do a weighing process against the unfavorable factors against the favorable factors. And the Court is of the opinion that still, even considering the lesser degree of, that would exist in Community Corrections . . . that the negative factors would outweigh the positive factors and that Community Corrections should also be denied. Also, the defendant . . . because he is convicted of Class E felonies, the defendant does have the presumption of probation even though . . . but I think a range II does not have the presumption even for a class E.

**Analysis**

Again, the Appellant contends that the trial court did not properly consider the statutory principles of sentencing in its denial of any form of alternative sentencing. He asserts that "his cooperation [with authorities,] coupled with his special needs, medically, entitle him to probation."

When the sentencing court properly considers the relevant sentencing considerations, this court conducts a de novo review with the presumption that the determination made by the trial court is correct. TENN. CODE ANN. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Although the presumption favoring alternative sentencing applies to the class E felonies for which the Appellant has been convicted, the presumption is not applicable to range II offenders. See TENN. CODE ANN. §40-35-102(6) (1997). Moreover, the Appellant bears the burden of showing that the sentence imposed by the trial court is improper. See TENN. CODE ANN. §40-35-210(b)(3) (Supp. 1999).

Alternative sentencing options may be denied if it is shown that the Appellant has a long history of criminal conduct, that the Appellant has not been rehabilitated with less restrictive methods, or that confinement is necessary to avoid depreciating the seriousness of the offense. See TENN. CODE ANN. §40-35-103(1)(A)-(C) (1997). Additionally, the potential or lack of potential for rehabilitation of a defendant should be considered in determining whether he or she should be granted an alternative sentence. TENN. CODE ANN. § 40-35-103(5).

In the present case, we find that the trial court considered all relevant evidence and so stated on the record. Moreover, as the trial court found, the record reflects (1) an extensive history of similar criminal offenses and (2) the failure of previously imposed suspended

sentences.  <u>See</u>  TENN. CODE ANN. § 40-35-103(1)(A) & (C).  Additionally, the record belies his alleged claim of cooperation with the authorities.[4]

After review of the issues before us, we conclude that the Appellant has failed to establish that the sentences imposed by the trial court were erroneous.  Sentencing Commission Comments, TENN. CODE ANN. § 40-35-401(d).  Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[4]A portion of the AGENCY STATEMENT provided in the presentence report reveals: "Grigsby was not cooperative during the investigation.  He refused a search consent and refused to talk to investigators after his arrest."